# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

CA-06-11 L

| United States District Court | District Rhode Island |
| --- | --- |
| Name (under which you were convicted): Craig Bustillo | Docket or Case No.: 1:01-CR-0010001L |
| Place of Confinement: FCI Otisville, Otisville, NY 10963 | Prisoner No.: 05083-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Craig Bustillo |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. District Court, One Exchange Terrace, Providence, RI 02903

   (b) Criminal docket or case number (if you know): 1:01-CR-00100011

2. (a) Date of the judgment of conviction (if you know): [illegible]

   (b) Date of sentencing: 6/7/02

3. Length of sentence: 130 months

4. Nature of crime (all counts): count (1) 21 U.S.C. § 841, count (2) 21 U.S.C. § 841, count (3) 18 U.S.C. § 922(g)(1), count (4) 21 U.S.C. § 841, (5) 21 U.S.C. § 841

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: First Circuit Court of Appeals

(b) Docket or case number (if you know): 02-1756

(c) Result: Sentence Affirmed

(d) Date of result (if you know): 6/3/03

(e) Citation to the case (if you know): unknown unpublished

(f) Grounds raised: Improperly enhanced 2 points for a firearm

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ______

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Fifth Amendment Due Process and Sixth Amendment right to trial were violated. See attached memorandum.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Direct Appeal

Name and location of the court where the motion or petition was filed: 1st Circuit Court of Appeals

Docket or case number (if you know): 02-1756

Date of the court's decision: 6/3/03

Result (attach a copy of the court's opinion or order, if available): Affirmed

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

GROUND TWO: ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Willaim J. Murphy, 127, Dorrance St. Providence, RI 02903

(b) At arraignment and plea: Same as above

(c) At trial: ______

(d) At sentencing: Same as above

(e) On appeal: Same as above

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Movant had to file to preserve issue due to the recent ruling of Supreme Court. See attached memorandum.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: To dismiss his petition without prejudice. See attached memorandum.

or any other relief to which movant may be entitled.

_______________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 01/08/06 JAN 08, 2006 (month, date, year).

Executed (signed) on _______________ (date).

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _______________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Respondent | ) |
| V | )DIST. CRIM. 1:01-CR-0010001L |
| CRAIG BUSTILLO<br>Movant | )DIST. CIV. |

## MEMORANDUM IN SUPPORT OF PETITION UNDER § 2255

## STATEMENT OF THE FACTS

On June 27, 2004, the same five Justices who decided **Apprendi v New Jersey,** 530 U.S. 466 (2000), extended **Apprendi** to a sentencing guidelines system in the State of Washington. The Court held that "the statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely "on the basis of the facts reflected in the jury's verdict or admitted by the defendant". See **Blakely v Washington,** 542 U.S. 296, 124 S.Ct. 2531, 2536, (2004). Lest there be any ambiguity about the meaning of this statement Justice Scalia for the Court added: In other words, the relevant "statutory maximum" is not the maximum, sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment... and the judge exceeds his proper authority. **id** (citation omitted). Further this rubric of law applies just as well to the facts admitted to by the

defendant who has plead guilty.

On January 12, 2005, the Supreme Court held that the Court's holding as to the Washington State's determinate sentencing scheme likewise applied to the Federal Sentencing Guidelines. See **United States v Booker,** 543 U.S. _____, 125 S.Ct. 738, 160 LEd2d 621 (2005).

However the Supreme Court as of this date has not ruled **Booker** to be retroactive.

On June 20, 2005, the Supreme Court decided **Dodd v United States,** No. 04-5286, the Court held that 28 U.S.C. § 2255 ¶6(3), which provides that § 2255's 1-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review".

Further the 1-year limitation period under 2255 ¶6(3), applies to "all motions" under § 2255, initial motions as well as second or successive ones. See § 2255 ¶8(2). In short in order to place the Supreme Court's holding in **Booker** before a court on a collateral attack, the claim in order to be timely must be placed before the applicable court on or before one year after the Supreme Court's ruling in **Booker** which as noted was decided on January 12, 2005, hence placed before the court no later than January 12, 2006.

DISCUSSION

In this instant case the movant's sentence was enhanced beyond the maximum sentence than the guidelines allowed. This

increase in the maximum sentence was based upon additional facts found by the judge and not the jury nor facts admitted by the defendant. Therefore the increased sentence violated movant's Fifth Amendment Due Process and Sixth Amendment right to trial by jury, because as noted **Blakely/Booker** simply "reaffirmed" the Court's holding in **Apprendi** that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt.

However as mentioned the Supreme Court has not held **Booker** to be retroactive to cases on collateral review, but in order to preserve the **Booker** issue, movant request that the Court accept this application and dismiss it without prejudice subject to re-filing at such time as the Supreme Court renders a decision in favor of retroactivity.

In **Grey-Bey v United States,** 209 F3d 986,988 (7th Cir. 2000) the Seventh Circuit indicated that a new rule that is retroactive for collateral attack is not "available" for a § 2255 motion until the Supreme Court has clearly ruled that this is the case. For example as **Bailey v United States,** 516 U.S. 137 (1995) was held retroactive by **Bousely v United States,** 523 U.S. 614 (1998).

The Seventh Circuit held that under this logic, just as it does with applications relying on unexhausted claims, it would dismiss such an application without prejudice to re-filing at such time as the Supreme Court renders a decision in favor of

retroactivity. See **Hernandez v United States,** 226 F3d 839,841 (7th Cir.2000).

In **Dodd** the Supreme Court realized that there was the potential for harsh results due to its holding in the **Dodd** case. This Court by accepting movant's application and then dismissing it without prejudice would mitigate this harshness.

**CONCLUSION**

For the forgoing reasons the Court should dismiss movant's application without prejudice subject to re-filing at such time that the Supreme Court renders a decision in favor of retroactivity.

Date 01/08/06

Craig Bustillo
Reg. No. 05083-070
P.O. Box 1000
Otisville, NY 10963