# United States Court of Appeals
## For the First Circuit

MANDATE

No. 02-1756

01-100
J. Laqueux

UNITED STATES,

Appellee,

v.

CRAIG E. BUSTILLO,

Defendant, Appellant.

Certified and Issued as mandate under Fed. R. App. P. 41 JUN 25 2003
RICHARD CUSHING DONOVAN
Clerk
Deputy Clerk

Before

Selya, Lipez and Howard,
Circuit Judges.

JUDGMENT

Entered: June 3, 2003

Appellant-defendant Craig E. Bustillo appeals his sentence for four counts of possessing crack cocaine with intent to distribute and one count of possession of a firearm as a felon. Specifically, he contests the two-level enhancement in his offense level, pursuant to U.S.S.G. §2D1.1(b)(1), for possession of a weapon as a part of the drug offense. Bustillo argues that, because he sold the cooperating witness (CW) a gun and then, in a separate transaction twenty minutes later, sold the CW crack cocaine, he cannot be deemed to have possessed the gun during the commission of a drug offense.

We review the factual findings underlying the district court's application of a particular guideline for clear error. See United States v. Newton, 326 F.3d 253, 266 (1st Cir. 2003); see also United States v. Sandoval, 204 F.3d 283, 287 (1st Cir. 2000). In addition, where §2D1.1 is the basis of an enhancement and the underlying crime and possession of a gun are established, "the burden shifts to the defendant to show, or at least produce some evidence of, the existence of special circumstances that would render it 'clearly improbable' that the weapon's presence has a connection to the narcotics trafficking." United States v. Gonzalez-Vazquez, 34 F.3d 19, 24 (1st Cir. 1994) (internal

36

citations omitted). Furthermore, this court has concluded that "when the weapon's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapons to the offense conduct. . . ." United States v. Ovalle-Marquez, 36 F.3d 212, 224 (1st Cir. 1994), cert. denied 514 U.S. 1007 (1995).

In this case, the record places the gun transaction squarely inside a series of narcotics transactions and supports a theory that the gun was intended to protect the participants, the drugs, and the money involved in the transactions. The district court did not clearly err in determining that gun and narcotics sales, twenty minutes apart, were sufficient to support the guideline adjustment. Bustillo invites us to surmise that the gun, once sold, could have been used against him. But he has not produced evidence sufficient to show that the gun's connection to the drug offense was "clearly improbable." We therefore affirm the judgment.

Affirmed.

By the Court:

**RICHARD CUSHING DONOVAN**

Richard Cushing Donovan, Clerk.

Certified Copy to Hon. Ronald R. Lagueux
Certified Copy to Mr. DiMarzio, Clerk USDC

cc: Messrs. Bustillo, Murphy, Madden, Lockhart & Ms. Rogers