IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRAIG BUSTILLO | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-011L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reason stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2006, I served a copy of the within Government's Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Craig Bustillo
Reg. No. 05083-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRAIG BUSTILLO | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-011L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

The Petitioner, Craig Bustillo (Bustillo), files this motion pursuant to 28 U.S.C. § 2255. From June 28, 2000 through August 22, 2000, Bustillo made four sales of crack cocaine ranging in amounts from 1.8 grams to 15 grams to a Drug Enforcement Administration/Providence Police Department cooperating witness. On one occasion, Bustillo also sold the cooperating witness a .9 mm semi-automatic pistol.

On October 10, 2001, a grand jury returned an indictment charging Bustillo with four counts of crack distribution and one count of being a convicted felon in possession of a firearm. (Cr. No. 01-100L). Bustillo pled guilty on January 17, 2002. Bustillo was sentenced on June 7, 2002 to 130 months imprisonment (the minimum under the guidelines range) on the drug distribution charges and 120 months on the firearms charge, all sentences to run concurrent. At the sentencing hearing, Bustillo raised the

issue of a two-level firearm enhancement under USSG § 2D1.1(b)(1). This Court rejected Bustillo's argument.

Bustillo appealed to the First Circuit Court of Appeals, raising the firearms enhancement as his only issue. (No. 02-1756). The First Circuit rejected Bustillo's appeal on June 3, 2003. The mandate issued on June 25, 2003. Bustillo did not file a petition for certiorari.

In his petition, filed January 8, 2006, Bustillo argues that the two-level firearms enhancement violated United States v. Booker, 125 S. Ct. 738 (2005). Bustillo correctly recognizes that he exceeds the one-year period of limitations for § 2255 motions by well over two years and that Booker has not been applied retroactively to § 2255 motions. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005). In reliance upon Hernandez v. United States, 226 F.3d 839 (7th Cir. 2000), he asks this Court to deny his petition **without prejudice** in the hope that the Supreme Court will one day rule Booker to be retroactive and that when that day, if ever, comes, he will not be subject to the more stringent second or successive petition filing rules governing § 2255 motions.

Argument

In Hernandez, the petitioner sought to have the Seventh Circuit order the District Court to consider his successive § 2255 motion based upon the then recent decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Hernandez wanted to argue that the Apprendi decision announced a new rule of constitutional law that should be applied retroactively to his case. The Seventh Circuit denied his petition on

grounds that Apprendi was of no use to Hernandez. However, in *dicta*, the Seventh Circuit stated, "Just as we do with applications relying on unexhausted claims, we would dismiss such an application without prejudice to re-filing at such time as the Court renders a decision in favor of retroactivity." Hernandez, 226 F.3d at 841.

While such may be the practice of the Seventh Circuit, the government is not aware that such a procedure is the practice of the First Circuit. The First Circuit does not dismiss petitions without prejudice or remand them to the District Court with instructions to do so in the hope that the Supreme Court will one day make a newly announced rule of criminal procedure retroactive. See, e.g., Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003) (affirming District Court's outright dismissal of petitioner's § 2255 Apprendi claim).

Further, the First Circuit has stated that Booker does not provide any clear hint that retroactive intent is intended and has noted that every other circuit to consider the issue has agreed Booker is not retroactive. Cirilo-Munoz, 404 F.3d at 533. The Court stated, "Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required examination practically all of the federal sentences imposed since the guidelines went into effect in 1987." Id.

Given the First Circuit's pronouncements, there is no valid reason to grant Bustillo's request and dismiss his petition without prejudice. The petition should simply be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2006, I served a copy of the within Government's Memorandum In Support of Its Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Craig Bustillo
Reg. No. 05083-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963