UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CRAIG BUSTILLO ) | |
| ) | |
| v.        ) | C.A. No. 06-11L |
| ) | |
| UNITED STATES OF AMERICA ) | |

## MEMORANDUM AND ORDER

The matter before the Court is the motion of petitioner, Craig Bustillo to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty on January 17, 2002 to five charges – four counts of crack cocaine distribution and one count of being a convicted felon in possession of a firearm. He was sentenced on June 7, 2002 to 130 months imprisonment (which was the minimum under the guideline range) on the drug distribution charges and 120 months on the firearms charge, all sentences to run concurrently. At the sentencing hearing, petitioner questioned the imposition of a 2-level firearm enhancement under the guidelines. This Court rejected his argument and utilized the enhancement.

Petitioner then appealed to the First Circuit Court of Appeals raising the firearm enhancement as his only issue. The First Circuit rejected his appeal on June 3, 2003 and the Mandate issued on June 25, 2003. Petitioner did not seek review in the United States Supreme Court and, therefore, his sentence became final in the fall of 2003.

In this petition, filed January 8, 2006, petitioner argues that use of the 2-level firearm enhancement violated United States v. Booker, 125 S.Ct. 738 (2005). It is clear that this petition exceeds the one year period of limitations for Section 2255 motions by over two years and, in any

event, Booker cannot be applied retroactively to Section 2255 motions. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005).

Recognizing that this is a lost cause, petitioner now wishes to have his petition dismissed without prejudice in the hope that someday the United States Supreme Court will apply Booker retroactively and he will not be subject to the more stringent second or successive petition filing rules. Petitioner's case is hopeless.

It is very unlikely that the United States Supreme Court will ever apply Booker retroactively and cast doubt on all of the federal sentences imposed since the guidelines went into effect in 1987. Even if Booker might be applied retroactively in the future, petitioner would still be barred from pursuing a Section 2255 remedy by the statute of limitations.

Under the circumstances, there is no basis for granting petitioner's request that this petition be dismissed without prejudice.

Therefore, this petition is dismissed with prejudice and judgment will enter for defendant, the United States of America.

It is so ordered.

Ronald R. Lagueux
Senior Judge
March 15, 2006

2